UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT DOZIER,<br><br>    Plaintiff,<br><br>    v.<br><br>ENHANCED RECOVERY COMPANY,<br><br>    Defendant. | Case No. 19-cv-01474-WHO<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING CASE**<br><br>Re: Dkt. No. 12 |

This order adopts the Report and Recommendation Regarding Dismissal ("R&R Order") of Chief Magistrate Judge Joseph C. Spero recommending dismissal without prejudice in this case for failure to prosecute or serve the complaint. [Dkt. No. 12].

Pro se plaintiff Scott Dozier filed his complaint against defendant Enhanced Recovery Company ("ERC") on March 21, 2019. [Dkt. No. 1]. On that same day, summons was issued and an initial case management conference was set for June 21, 2019. [Dkt. Nos. 2, 3].

Dozier failed to appear on that date. On June 25, 2019, Judge Spero issued an order to show cause why the case should not be dismissed for failure to prosecute, failure to serve the complaint, and for failure to comply with the initial case management order. [Dkt. No. 10]. Dozier was ordered to appear on July 19, 2019 for another case management conference and to respond to the order to show cause. *Id.* He failed to appear on that date as well.

Because Dozier has not consented to the jurisdiction of a magistrate judge, and defendants have not been served and therefore have not made an election regarding the jurisdiction of a magistrate judge, Judge Spero ordered the clerk of court to reassign this case to a district judge. R&R Order; Order for Reassignment [Dkt. No. 14]. On July 23, 2019, this case was reassigned to me. [Dkt. No. 15]. As the time for objections has passed and no objections have

been filed, I now consider Judge Spero's report and recommendation pursuant to Federal Rules of Civil Procedure 4(m) and 41(b).

Rule 4(m) states in relevant part that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." The deadline for Dozier to serve his complaint was on June 19, 2019. Judge Spero recommends that I dismiss this case under Rule 41(b) because Dozier has taken no action to prosecute this case since filing his complaint, has missed the deadline to serve his complaint, and has twice failed to appear. R&R Order at 1-2. Judge Spero notes that Dozier was informed about the possibility of dismissal for failure to serve the complaint in the order to show cause. *Id.* at 1.

Judge Spero also recommends that dismissal be without prejudice. Although Rule 41(b) ordinarily "operates as an adjudication on the merits," nothing in the record indicates that ERC has been affected in any way by Dozier's unserved complaint or that it would be prejudiced by allowing Dozier to refile if he intends to pursue his claim.

As the judge to whom this case was assigned, I find Judge Spero's report thorough and correct; I adopt it in every respect. The complaint is dismissed without prejudice. Judgment shall be entered in accordance with this Order.

**IT IS SO ORDERED.**

Dated: August 5, 2019

William H. Orrick
United States District Judge